DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| FLAGSTAR BANK, FSB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2016-105 |
| | ) |
| WILLIAM L. LAWRENCE, JR., | ) |
| EUTHAINE P.J. LAWRENCE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

APPEARANCES:

A.J. Stone, III
Adam Nicholas Marinelli
Bolt Nagi PC
St. Thomas, U.S.V.I.
    *For Flagstar Bank, FSB.*

## JUDGMENT

GÓMEZ, J.

Before the Court is the motion of Flagstar Bank, FSB, for default judgment against William L. Lawrence, Jr., and Euthaine P.J. Lawrence.

### I.   FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. William L. Lawrence, Jr., ("William Lawrence") and Euthaine P.J. Lawrence ("Euthaine Lawrence") (collectively, the "Lawrences") are the record owners of

      property described as "Parcel No. 14 Estate Upper John Dunko No. 3A Little Northside Quarter St. Thomas, U.S. Virgin Islands consisting of 0.36 acres, more or less, as shown on PWD A9-19-T63" (the "Property").

2. William Lawrence is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

3. Euthaine Lawrence is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

4. On or about November 9, 2011, the Lawrences borrowed $455,078 from Flagstar Bank, PSC, ("Flagstar").

5. On November 9, 2011, the Lawrences executed and delivered a promissory note (the "Note") to Flagstar in which they promised to pay Flagstar the principal sum of $455,078, plus interest at a rate of 4.246% per annum in monthly installments of $2,237,65 beginning January 1, 2012.

6. The Note provides that the Lawrences will be in default if a monthly payment is not paid on the date it is due. The Note further provides that if the Lawrences failed to pay the amount due after being sent a written notice of default the entire remaining principal sum and interest may become due and payable immediately.

7. On November 9, 2011, the Lawrences delivered to Flagstar a real estate mortgage (the "Mortgage") encumbering the Property. The Mortgage is attached to the Property. The Mortgage's terms give Flagstar the right to foreclose on the Property in the event of a default on the Note.

8. On November 10, 2011, the Mortgage was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 20110008323.

9. On December 16, 2014, the Note and Mortgage were modified by a Loan Modification Agreement. Pursuant to the Loan Modification Agreement, the Lawrences promised to pay to Flagstar the principal sum of $513,344.90 plus interest at a rate of 3.75% in monthly instalments of $2,377.38 beginning December 1, 2014.

10. On March 16, 2015, the Loan Modification Agreement was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2015001738.

11. On or about June 1, 2016, the Lawrences failed to pay a monthly installment on the Note when it became due.

12. On June 25, 2016, Flagstar gave the Lawrences written notice of the default and demanded payment.

13. The Lawrences have failed to cure their default and make the required payment of principal and interest to Flagstar as required by the Note and Mortgage. As a result, Flagstar accelerated the payment on the Note.

14. Flagstar initiated this action against the Lawrences to enforce the terms and conditions of the Note and Mortgage.

15. On January 9, 2017, William Lawrence was personally served with the complaint in this action.

16. On January 6, 2017, Euthanie Lawrence was personally served with the complaint in this action.

17. The Lawrences have not filed an answer to Flagstar's complaint. On April 12, 2017, the Clerk of Court entered default against the Lawrences.

18. The Lawrences are in default on the Note. As of May 1, 2017, the Lawrences are in debt to Flagstar in the principal amount of $498,864.18; plus interest on the Note in the amount of $18,707.40; escrow advances of $201.32; and late charges of $1,994.68. The total amount of the Lawrences' indebtedness to Flagstar is $517,772.90.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v.*

*V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### III. **ANALYSIS**

To prevail on a debt and foreclosure claim, the plaintiff must show that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The

facts found by the Court establish each of the elements for a debt and foreclosure claim.

The premises considered, it is hereby

**ORDERED** that Flagstar's motion for default judgment is **GRANTED**; it is further

**ORDERED** that Flagstar shall recover from the Lawrences the principal amount of $498,864.18; plus interest on the Note in the amount of $18,707.40; escrow advances of $201.32; and late charges of $1,994.68. Interest continued to accrue on the principal at a rate of $51.25 per day from May 1, 2017, until the date of judgment; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the Mortgage, and any liens subsequent to it are hereby foreclosed; it is further

**ORDERED** that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of Flagstar, including any costs and attorney's fees that may be

awarded upon application and any sums that may be paid by Flagstar for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

  b. Flagstar may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

  c. The terms of the sale as to all other persons or parties bidding shall be cash.

  d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

  e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. Flagstar shall have any and all writs necessary to execute the terms of this Judgment.

4. The Lawrences shall be liable to Flagstar for any deficiency remaining after the sale of the Property; it is further

**ORDERED** that the trial setting in this matter is **VACATED**; it is further

      **ORDERED** that all pending motions are **MOOT;** and it is further

      **ORDERED** that the Clerk of Court shall **CLOSE** this case.

                                    S\_____
                                        **Curtis V. Gómez**
                                        **District Judge**